UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.T. TUCKER, JR.,

    Plaintiff,                                         Civil Action No. 09-CV-13248

v.

                                                    HON. BERNARD A. FRIEDMAN

CATHY M. GARRETT,

    Defendant.
_____/

## OPINION AND ORDER DISMISSING
## COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)

This matter is before the court on the court's own review of plaintiff's *pro se* complaint, filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state inmate who is currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. Having reviewed plaintiff's complaint and his litigation history in the federal courts, the court concludes that the complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28, § 1914(a) of the United States Code provides that "[t]he clerk of each district court shall require the parties instituting any civil . . . to pay a filing fee of $350, . . ." Plaintiff has not submitted the required filing fee. The Prison Litigation Reform Act states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The in forma pauperis statute, 28 U.S.C. § 1915(a), does provide prisoners with the opportunity to pay part of the filing fee initially and the remainder in installments. *See Miller v. Campbell,* 108 F. Supp.2d 960, 962 (W.D. Tenn. 2000). Because plaintiff has not submitted the filing fee or any portion thereof, the court will construe his complaint as a request to proceed in forma pauperis. *See State Treasurer v. Garrison*, 2008 WL 2831241, *1 (E.D. Mich. July 21, 2008).

A search of federal court records reveals that at least four prior civil rights complaints filed by plaintiff have been dismissed for being frivolous or malicious, or for failing to state a claim. *See Tucker v. Chapin*, No. 4:94-CV-100 (W.D. Mich. June 30, 1994); *Tucker v. Kinney*, No. 4:94-CV-101 (W.D. Mich. June 30, 1994); *Tucker v. Hembree,* No. 4:94-CV-105 (W.D. Mich. July 15, 1994); *Percival v. Williams,* No. 1:00-CV-849 (W.D. Mich. Nov. 29, 2000). Subsequent to the most recent of these dismissals, plaintiff filed at least two additional § 1983 complaints, both of which were dismissed pursuant to the "three strikes" rule contained in 28 U.S.C. § 1915(g).[1] *See Tucker v. Smith,* No. 2:06-CV-94, 2006 WL 1155479 (W.D. Mich. April 26, 2006); *Tucker v. Bergh,* No. 2:06-CV-73, 2006 WL 1008985 (W.D. Mich. Sept. 13, 2006).

The three strikes rule prohibits a prisoner, who has had three prior suits dismissed for being frivolous or malicious, or for failing to state a claim, from proceeding in forma pauperis in a civil rights suit absent an allegation that he is in imminent danger of serious physical injury. A federal district court may raise the three strikes rule on its own initiative. *See, e.g., Ward v. King*, 2009 WL 367859 (E.D. Mich. Feb. 12, 2009); *Witzke v. Hiller,* 966 F. Supp. 538 (E.D. Mich.1997).

In the present case, the court is aware of four of plaintiff's civil rights complaints which were dismissed for being frivolous or malicious or for failing to state a claim. The complaint

---

[1] Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2:09-cv-13248-BAF-MJH   Doc # 3   Filed 08/24/09   Pg 3 of 3   Pg ID 18

in the present matter does not allege any facts suggesting that plaintiff is in imminent danger of serious physical injury.[2]  The complaint is therefore subject to dismissal pursuant to § 1915(g). Accordingly,

       IT IS ORDERED plaintiff's application to proceed in forma pauperis is denied.

       IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(g).

       IT IS FURTHER CERTIFIED that any appeal taken by plaintiff in this matter would not be in good faith.

       S/Bernard A. Friedman
       Bernard A. Friedman
       United States District Judge

Dated:  August 24, 2009

I hereby certify that a copy of the foregoing document was served upon L.T. Tucker and counsel of record on August 24, 2009, by electronic and/or ordinary mail.

       S/Carol Mullins
       Case Manager

---

[2] Plaintiff alleges only that defendant, the Wayne County Clerk, has failed to comply with his requests to provide him with copies of his criminal file and trial transcripts.